# Guyer et al. *v.* Port, Appellant.

*Partnership—Evidence—Profit sharing.*

In an action against two persons as partners to recover a balance due on an overdrawn bank account, one of the defendants testified that a partnership existed between himself and his co-defendant, and that he, the witness, was the managing partner and "was to receive half the profits and five dollars a week." There was also evidence that the business was carried on under the name of the "Tyrone Meat Company," and that the company paid to the co-defendant, who was the owner of the real estate in which the business of the company was conducted, a certain sum per month as rent. It also appeared that for certain goods which the co-defendant furnished he received the checks of the Tyrone Meat Company. The co-defendant denied that there was a partnership, and claimed that the other defendant had no authority to overdraw the account. The case was submitted to the jury who returned a verdict for plaintiff. *Held*, that the judgment entered upon the verdict should be affirmed.

Argued April 20, 1893. Appeal, No. 366, Jan. T., 1893, by Lewis E. Port, one of the defendants, from judgment of C. P. Huntingdon Co., Sept. T., 1892, No. 18, on verdict for plaintiff, C. Guyer et al., trading under name of Tyrone Bank, for use of A. A. Stevens, assignee for benefit of creditors. Before STER-RETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit against partnership on overdrawn bank account.

At the trial, before FURST, P. J., George W. Friedly, one of the defendants, testified that he and Lewis E. Port, the other defendant, were partners doing business as the Tyrone Meat Company, and that he, the witness, "was to receive half the profits and five dollars a week." There was evidence that the Tyrone Meat Company paid Port, who was the owner of the real estate in which the business of the concern was carried on, $30.00 per month as rent. It also appeared that for goods which Port furnished the business he was paid by checks of the Tyrone Meat Company. It was also stated in appellee's paper-book although it did not appear in the evidence as printed, that a settlement of the partnership business appeared in the books of the company.

Port denied that there was a partnership, and asserted that he was the sole owner of the business, and that Friedly was

merely his manager and had no authority to overdraw the account.

The court charged in part as follows:

" [We say to you here in this case, that, if you believe the testimony of Mr. Friedly that the arrangement was between him and Lewis E. Port, either directly made by Lewis E. Port, or by his brother, acting for him and representing him, that they were to be partners under the firm name of the Tyrone Meat Company, and that Mr. Friedly was to share in the profits, they are partners as to these plaintiffs.] [1] . . . .

" [The simple question is whether or not these parties formed a partnership under this name. If they did, then the plaintiffs are entitled to recover their account here.] " [2]

Defendant's points were among others as follows:

" 1. There is no evidence in this case to warrant the jury in finding as a fact that George W. Friedly was a partner of Lewis E. Port in the transaction of business under the trading name of the Tyrone Meat Company. *Answer :* We refuse this point. We say there is evidence that the jury must pass upon to determine the question." [3]

" 2. Even if the jury should find as a fact that it was agreed between the parties, Port and Friedly, that Friedly should receive as his compensation for services rendered a fixed salary, and in addition thereto a percentage or commission on profits, and that there were no profits, they are not warranted, under the law, in finding as a fact that Port and Friedly were partners. *Answer :* We cannot affirm this point as stated. If the jury believe the testimony of George W. Friedly, that he was a partner in the Tyrone Meat Company, and that he was to have half the profits, they would be warranted in finding the fact of partnership, even though no profits ever were divided or earned." [4]

" 3. The evidence in the case submitted must determine, under the law, that Friedly was the only agent of Port, which agency was special and limited to the business under his control. *Answer :* This point is not applicable to the case as it is now presented to the court, under the amendment by bringing in Friedly as a party defendant. The question is now one of partnership and not mere agency." [5]

" 6. In the absence of proof of authority given by Port to

overdraw the account of the Tyrone Meat Company, the liability is personal against Friedly, and no recovery can be had as against Port." Refused. [6]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–6) instructions, quoting them.

*George B. Orlady*, for appellant, cited: Lancaster Bank v. Woodward, 18 Pa. 357; 1 Lindley, Part. 1, § 50; Bank v. Woodward, 18 Pa. 357; Fletcher v. Manning, 12 M. & W. 571; Taylor v. Henderson, 17 S. & R. 453; Johnston v. Warden, 3 Watts, 101; Haughey v. Stricker, 2 W. & S. 411; Lenhart v. Allen, 32 Pa. 312; Bowers v. Still, 49 Pa. 65; Purviance v. McClintee, 6 S. & R. 259; Miller v. Bartlet, 15 S. & R. 137; Dunham v. Rodgers, 1 Pa. 255; Edwards v. Tracey, 62 Pa. 374; Irwin v. Bidwell, 72 Pa. 244; Raiguel's Ap., 80 Pa. 234; Dale v. Pierce, 85 Pa. 474; Parsons, Part., 2d. ed. § 566; Caldwell v. Miller, 127 Pa. 442; Central City Savings Bank v. Walker, 66 N. Y. 424; Jewett's Case, 15 Bank Reg. 126; Felichy v. Hamilton, 1 Wash. C. C. 491; De Collyer, Part. § 19; Young v. Smith, 25 Mo. 341; Shackleford v. Smith, 25 Mo. 348; Stephenson v. Cornell, 10 Ind. 475; Morgan v. Farrell, 58 Conn. 413; Fletcher v. Pullen, 70 Md. 205; Hahlo v. Mayer, 102 Mo. 93; Walker v. Hatry, 31 W. N. 161 [152 Pa. 1].

*John M. Bailey*, *Stevens & Owens* with him, for appellee, cited: Purviance v. McClintee, 6 S. & R. 259; Caldwell v. Miller, 127 Pa. 442; Edwards v. Tracey, 62 Pa. 374; Gregg v. Half-Moon, 2 Watts, 342; Miller v. Bartlet, 15 S. & R. 137; Dunham v. Rodgers, 1 Pa. 255; Raiguel's Ap., 80 Pa. 234; Dale v. Pierce, 85 Pa. 474.

PER CURIAM, May 1, 1893:

This case appears to have been carefully and correctly tried, and an examination of the record discloses no ground on which a reversal of the judgment would be warranted.

The controlling question was, whether the defendants were partners in the butchering business, managed chiefly by the defendant, Friedly. This question was one of fact exclusively

for the determination of the jury, under instructions of the court as to what was necessary to constitute a partnership. The evidence tending to prove that defendants were partners, and that the account kept in plaintiff's bank was connected with the business of the firm, was such that it would have been surprising if the jury had found otherwise than they did. Friedly, one of the defendants, testified in substance that he was a partner in the business conducted in the name of "The Tyrone Meat Market," and that he was to receive five dollars per week and half of the profits. As to the main fact of partnership, he was corroborated by facts and circumstances that were in evidence. The other defendant, Port, denied that there was any partnership between them. The question was fairly submitted to the jury, and their verdict necessarily implies a finding of the fact that defendants were partners.

We find nothing in either of the specifications of error that requires discussion. Neither of them is sustained.

Judgment affirmed.